**STATE of Missouri, Respondent,**

**v.**

**Ronald HAMILTON, Appellant.**

**No. ED 97823.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 2012.

William J. Swift, Columbia, MO, for appellant.

Gregory L. Barnes, Jefferson City, MO, for respondent.

Before ROBERT G. DOWD, JR., P.J., ROY L. RICHTER, J., and ANGELA T. QUIGLESS, J.

## *ORDER*

PER CURIAM.

A jury convicted Ronald Hamilton ("Appellant") of two counts of domestic assault in the first degree, in violation of Section 565.072,[1] and one count of accompanying armed criminal action (ACA) in violation of Section 571.015 RSMo. (2000).

On appeal, Appellant argues the trial court erred in allowing witness to testify that Victim, upon viewing herself in a mirror, asserted Appellant was responsible for Victim's injuries because that statement was inadmissible hearsay. In his second point, Appellant argues the trial court erred in refusing to instruct the jury on the lesser-included offense of domestic assault in the second degree on the Count I charge of domestic assault in the first

---

1. All statutory references are to RSMo. (Cum. Supp.2007), unless otherwise indicted.

degree. In his third point on appeal, Appellant argues the trial court erred in sentencing Appellant on the ACA charge because he was improperly convicted of the underlying felony of domestic assault in the first degree.

We have reviewed the briefs of the parties and the record on appeal. We find the trial court did not abuse its discretion in admitting the witness's testimony of Victim's statements under the excited utterance exception to the hearsay rule. We also find the trial court did not err in refusing to instruct the jury on the lesser-included offense of domestic assault in the second degree because the evidence of probative value could not form a basis of acquittal of the higher offense and a basis for conviction of the lower offense. We have found no error in Appellant's first two points on appeal; therefore, we find the trial court did not err in sentencing Appellant on the ACA charge. An extended opinion would have no jurisprudential purpose. We have, however, provided a memorandum setting forth the reasons for our decision to the parties for their use only. We affirm the judgment pursuant to Rule 30.25(b) Mo.R.Crim. P. (2012).