**Ronald C. HAMILTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 101153**

Missouri Court of Appeals,
Eastern District,
*DIVISION THREE.*

FILED: February 10, 2015

Andrew Zleit, Assistant Public Defender, Office of the Missouri Public Defender, 1010 Market Street, Suite 1100, St. Louis, Missouri 63101, for Appellant.

Chris Koster, Attorney General, Gregory Barnes, Assistant Attorney General, P.O. Box 899, Jefferson City, Missouri 65102, for Respondent.

Before: Kurt S. Odenwald, P.J., Robert G. Dowd, Jr., J., and Gary M. Gaertner, Jr., J.

*ORDER*

PER CURIAM.

Appellant Ronald Hamilton ("Hamilton") appeals from the judgment of the motion court denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. Following a jury trial, Hamilton. was convicted of two counts of domestic assault in the first degree and one count of armed criminal action. The trial court found Hamilton to be a prior and persistent offender and sentenced him to

three consecutive terms of 25 years' imprisonment. Hamilton's conviction and sentence were affirmed on direct appeal by this Court in *State v. Hamilton,* 387 S.W.3d 403 (Mo.App.E.D.2012). Hamilton subsequently filed a Rule 29.15 motion for post-conviction relief alleging ineffective assistance of appellate counsel, which the motion court denied without an evidentiary hearing. Hamilton now contends on appeal that the motion court clearly erred in denying his motion for post-conviction relief because appellate counsel rendered ineffective assistance of counsel in (1) failing to raise, on direct appeal, the trial court's error in not appointing substitute trial counsel for Hamilton, and (2) failing to raise, on direct appeal, the trial court's error in denying Hamilton's request for a continuance.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for our decision. We affirm the judgment of the motion court pursuant to Rule 84.16(b).